UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANTE DION SCOTT,<br>　　　　　Plaintiff,<br>　v.<br>C. E. DUCART,<br>　　　　　Defendant. | Case No. 17-cv-01290-JST<br><br>**ORDER SETTING SUPPLEMENTAL BRIEFING SCHEDULE**<br>Re: ECF No. 16 |

Petitioner, a *pro se* prisoner, has filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. ECF No. 16. Petitioner has filed an opposition, ECF No. 17; Respondent has filed a reply, ECF No. 18; and Petitioner has filed a surreply, which he titled "Opposition to Respondent's Reply and Plea for Court to Make Judgment," ECF No. 19. The Court, having read and considered the papers, requests further briefing.

**BACKGROUND**

The following facts are undisputed.

Petitioner is currently housed at Pelican Bay State Prison ("PBSP"), serving a thirty-six year sentence for a state conviction. ECF No. 1 ("Pet.") at 5. On June 7, 2013, while Petitioner was incarcerated at Pleasant Valley State Prison, Petitioner was found guilty of participating in a riot and assessed 90 days forfeiture of good-time credit. Pet. at 1, 5; ECF No. 3 at 11–14.

Petitioner appealed this guilty finding through the California Department of Corrections and Rehabilitations ("CDCR")'s administrative grievance system. ECF No. 3 at 25–36. On February 25, 2014, Petitioner received a denial of his grievance at the third and final level of review. ECF No. 3 at 34–36.

On December 11, 2014,[1] Petitioner pursued his state court remedies by filing a petition for a writ of habeas corpus in Kern County Superior Court. ECF No. 3-1 at 26–48; ECF No. 16 at 5-31. On August 7, 2015, the state appellate court denied his habeas petition. ECF No. 17 at 14. On January 13, 2016, the California Supreme Court denied his habeas petition. ECF No. 17 at 17.

On March 1, 2016, Petitioner was attacked by other inmates. He was subsequently hospitalized and then housed in the administrative segregation unit ("ASU"). The hospitalization and ASU placement resulted in Petitioner being separated from his property, including his legal documents. ECF No. 17 at 5. On July 20, 2016, Petitioner was transferred to PBSP. ECF No. 17 at 28. On August 1, 2016, he submitted a CDCR Form 22 Request for Service, asking whether his property had followed him to PBSP. ECF No. 17 at 28. On August 2, 2016, Petitioner was informed that he had seven bags of property at PBSP Receiving & Release. ECF No. 17 at 28. On August 17, 2016, Petitioner requested to be provided with, at the minimum, his legal documents so that he could meet the one-year deadline to file his habeas petition. ECF No. 17 at 28. On September 4, 2016, Petitioner submitted a grievance seeking expedited release of his property, including his legal records. ECF No. 17 at 34–35. On September 6, 2016, Petitioner was instructed to contact the law library for priority legal user ("PLU") status on the legal case that required expedited access to his legal documents. ECF No. 17 at 28. On October 10, 2016, Petitioner's grievance seeking expedited release of his legal documents was denied at the first level of review because Petitioner had not obtained PLU status to verify his need for the legal property. Petitioner was informed that his property would be issued in the order that it was received at PBSP. ECF No. 17 at 33. On October 27, 2016,[2] Petitioner received access to his

---

[1] Although the state habeas petition was docketed in Kern County Superior Court on December 22, 2014, *see* ECF No. 16 at 5, pursuant to the prisoner mailbox rule, because Petitioner is a prisoner proceeding *pro se*, Petitioner's state habeas petition is deemed filed on December 11, 2014, the date he signed the petition and presumably handed the petition to prison officials for mailing to the court, ECF No. 16 at 10. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court).

[2] On page 6 of his opposition, Petitioner states that he was without his property from March 1, 2016 to August 26, 2016. ECF No. 17 at 6. The August 26, 2016 date appears to be a typographical error. The Court presumes that Petitioner was referring to October 26, 2016,

2

legal documents. ECF No. 17 at 6.

On March 5, 2017,[3] Petitioner filed the instant federal habeas petition. ECF No. 1.

**DISCUSSION**

**I.   Motion to Dismiss**

Respondent has filed a motion to dismiss the petition as untimely. ECF No. 16. Respondent argues that the federal habeas petition is untimely by 340 days. ECF No. 16. Petitioner argues that his federal habeas petition is timely; and that, in the alternative, he has established extraordinary circumstances that entitle him to equitable tolling.[4] ECF Nos. 17 and 19.

**A.   Statute of Limitations for Challenging Administrative Decisions**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d)(1). Section 2244's one-year limitations period also applies to habeas petitions filed by persons in "custody pursuant to the judgment of a State court," where the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). For prisoners challenging administrative decisions such as the revocation of good time credits, the limitations period is not calculated pursuant to Section 2244(d)(1)(A), but calculated pursuant to Section 2244(d)(1)(D), which provides that the period begins to run on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012) ("when a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual

---

because later on in the opposition he states that his legal documents were returned to him on October 27, 2016. *Id.*

[3] Pursuant to the mailbox rule, the instant petition is deemed filed as March 5, 2017, the date Petitioner signed his petition (also the same date that the petition was mailed). *See Stillman*, 319 F.3d at 1201.

[4] Petitioner appears to imply that Respondent is acting in bad faith by filing a motion to dismiss instead of addressing his arguments on the merits. ECF No. 17 at 3. Respondent is correct to first address the timeliness of a habeas petition prior to addressing the merits because AEDPA prohibits a court from considering the merits of an untimely habeas petition. *See* 28 U.S.C. § 2244(d)(1).

3

predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'") (citing 28 U.S.C. § 2241(d)(1)(D)). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for [ ] habeas claims [challenging administrative decisions]." *Mardesich*, 668 F.3d at 1172; *see also Shelby*, 391 F.3d at 1066 (limitations period began to run day after petitioner received timely notice of denial of administrative appeal challenging disciplinary decision); *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (factual predicate of petitioner's habeas claim challenging his parole unsuitability finding was denial of administrative appeal challenging finding and not state supreme court's denial of habeas petition).

Here, the administrative decision challenged by Petitioner became final on February 25, 2014. ECF No. 3 at 34–36. Accordingly, the statute of limitations began to run on February 25, 2014, and expired on February 25, 2015. Petitioner's federal habeas petition, filed on March 5, 2017, is therefore untimely[5] unless Petitioner is entitled to either statutory tolling of the one-year limitations period, equitable tolling of the one-year limitations period, or the restarting of the limitations period.

### B.     Statutory Tolling

A petitioner is entitled to statutory tolling of the one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Statutory tolling is also applicable to petitions challenging administrative decisions. *See Redd*, 343 F.3d at 1084. Respondent correctly that Section 2244(d)(2) entitles Petitioner to statutory tolling from December

---

[5] Petitioner implies that Respondent has brought this motion to dismiss in bad faith, noting that no prior court has mentioned that his petition is untimely. ECF No. 17 at 2. Respondent properly raised the issue of the petition's timeliness. The failure of prior courts to discuss the petition's timeliness does not render his petition timely. First, neither the failure of a respondent to raise the issue of timeliness, nor the failure of a court to *sua sponte* address a petition's timeliness, render a petition timely. Silence on the issue of timeliness simply means that the issue of timeliness was not considered by the prior courts. Second, this motion to dismiss addresses whether the instant petition is timely under AEDPA's statute of limitations. AEDPA governs federal, not state, habeas petitions, and Petitioner's prior petitions were filed in state court. Whether a federal habeas petition is timely filed is a separate legal question from whether a state habeas petition is timely filed.

4

11, 2014, when he filed his state habeas petition in Kern County Superior Court, to January 13, 2016, when the California Supreme Court denied his habeas petition. Petitioner incorrectly argues that he is entitled to statutory tolling from December 11, 2014, when he filed his state habeas petition in Kern County Superior Court, to January 26, 2017, ninety days after he was able to access his legal documents on October 26, 2016, and that the limitations period commenced anew on January 26, 2017. ECF No. 17.

Petitioner's argument is based on the three incorrect assumptions. First, Petitioner argues that the limitations period did not begin until he could access his legal documents on October 27, 2016. However, statutory tolling only allows for tolling of the limitations period during the time when *collateral review* with respect to the administrative decision is pending. 28 U.S.C. § 2244(d)(2). Accordingly, Petitioner is not entitled to statutory tolling pursuant to Section 2244(d)(2)for the time when he was unable to access his legal documents. Lack of access to legal documents may, however, serve as the basis for delayed commencement or tolling of the limitations period pursuant to subsection(d)(1)(B), which the Court discusses *infra*.

Second, Petitioner incorrectly argues that this habeas petition is governed by Section 2244(d)(1)(A). Section 2244(d)(1)(A) governs habeas petitions which challenge judgments that are the basis for the petitioner's custody.[6] *See Mardesich*, 668 F.3d at 1172. The word "judgment" refers to the judgment of the state court that has resulted in the petitioner's custody. The word "judgment" does not refer to exhaustion of administrative remedies or other administrative decisions. Accordingly, Petitioner is not entitled to statutory tolling for ninety days after the California Supreme Court denied his habeas petition.

Third, Petitioner argues that the limitations period started anew after he regained access to his legal documents. Petitioner misunderstands the word "tolling." The tolling of a limitations period does not restart the limitations period, but rather *pauses* the limitations period. *See Artis v.*

---

[6] In relevant part, Section 2244(d)(1) states that a one-year statute of limitations applies to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." As relevant here, "[t]he limitation period shall run from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

5

*D.C.*, 138 S. Ct. 594, 601–02 (2018) ("Ordinarily, 'tolled,' in the context of a time prescription like § 1367(d), means that the limitations period is suspended (stops running) while the claim is *sub judice* elsewhere, then starts running again when the tolling period ends, picking up where it left off."); Brian R. Means, *Federal Habeas Manual: A Guide to Federal Habeas Corpus Litigation* § 9A:43 (2017 ed.) ("Tolling merely pauses the clock; it does not restart anew the limitations period."); Black's Law Dictionary (10th ed. 2014) ("tolling statute" defined as "law that interrupts the running of a statute of limitations in certain situations"; "toll" defined as "to stop the running of; to abate <toll the limitations period>"). Accordingly, the commencement of Petitioner's state collateral review proceedings on December 11, 2014, *paused* the limitations period. The California Supreme Court's denial of the habeas petition did not restart the limitations period, but rather allowed the limitations period to run again. Accordingly, Section 2244(d)(2) only entitles Petitioner to statutory tolling for the time period during which his state habeas petitions challenging the administrative decision were pending.

Even with statutory tolling pursuant to Section 2244(d)(2), the petition remains untimely. Specifically, 289 days elapsed between when Petitioner's claim accrued on February 25, 2014, the date that Petitioner's administrative grievance was denied at the third and final level of review, and December 11, 2014, that date that Petitioner filed his state habeas petition in Kern County Superior Court. The commencement of state collateral proceedings by filing the state habeas petition on December 11, 2014, *paused* the limitations period. At that time, 76 days were left in the one-year limitations period. When the California Supreme Court denied the state habeas petition on January 13, 2016, the limitations period began to run again and expired 76 days later, on March 29, 2016. The instant federal petition, filed on March 5, 2017, is therefore untimely by almost a year unless Petitioner is entitled to either equitable tolling of the limitations period or the commencement of a new limitations period.

### C. Equitable Tolling

Petitioner argues that lack of access to his legal documents due the March 1, 2016 inmate attack, and subsequent hospitalization and administrative segregation placement constitute extraordinary circumstances warranting equitable tolling. ECF No. 17 at 5–6 and ECF No. 19 at

3. Respondent argues that courts generally do not recognize placement in administrative segregation as an extraordinary circumstance warranting equitable tolling; and that Petitioner has failed to make a showing that external forces, rather than his lack of diligence, prevented him from filing a timely claim. ECF No. 18 at 2.

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling only applies where a petitioner makes a showing that (1) he diligently pursued his rights; (2) extraordinary circumstances beyond his control made it impossible to timely file his petition; and (3) those extraordinary circumstances caused his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rudin v. Myles*, 781 F.3d 1043, 1054–55 (9th Cir. 2015). Petitioner must prove that an "external force" caused the untimeliness—rather than his oversight, miscalculation, or negligence. *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). The threshold necessary to trigger equitable tolling is very high, and thus, it is generally unavailable. *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010); *see also Waldron–Ramsey*, 556 F.3d at 1011 ("'[E]xtraordinary circumstances' necessarily suggests the doctrine's rarity.").

Lack of access to legal documents constitutes an extraordinary circumstance warranting equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). However, Petitioner has failed to show that the lack of access to his legal documents caused all of his untimeliness. The lack of access to his legal documents would, at most, entitle him to equitable tolling from March 1, 2016 to October 27, 2016.[7] As of March 1, 2016, 337 days of the one-year limitations period had already run — 289 days had elapsed between February 25, 2014 (when Petitioner's claim accrued) and December 11, 2014 (when Petitioner commenced state collateral review proceedings) and another 48 days had elapsed between January 13, 2016 (when Petitioner's state collateral review proceedings concluded) and March 1, 2016 (when Petitioner allegedly lost access

---

[7] Defendants have presented evidence that Petitioner may have received his legal documents sooner if he had applied for and obtained PLU status. ECF No. 17 at 28 and 33. Such evidence implies that he could have accessed his legal documents earlier than October 26, 2017. For purposes of this order, however, the Court assumes that October 26, 2017 is the appropriate date.

7

to his legal documents). There were therefore 28 days left in the one-year limitations period. Equitable tolling only suspends the limitations period and does not restart it. *See Allen v. Lewis*, 255 F.3d 798, 801 (9th Cir. 2001), *judgment reversed and remanded on other grounds*, 295 F.3d 1046 (9th Cir. 2002) (applying equitable tolling to pause limitations period) (assuming arguendo that loss of access to habeas materials constituted extraordinary circumstance, the loss of access would suspend, but not restart, limitations period); *cf. Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231–32 (2014) ("As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.") (applying equitable tolling in context of Hague Convention on the Civil Aspects of International Child Abduction); *Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050 (2017) ("the doctrine of equitable tolling, which permits a court to pause a statutory time limit 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'") (citing *Lozano*, 134 S. Ct. at 1231–32); *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1177 (9th Cir. 2017) (applying equitable tolling to pause limitations period for Fed. R. Civ. P. 23(f) petition for class certification); *Herrera v. Command Sec. Corp.*, 837 F.3d 979, 985 (9th Cir. 2016) (equitable tolling pauses six-month limitations period for claims brought pursuant to Railway Labor Act). The limitations period therefore began to run again on October 27, 2016, when Petitioner received his documents, and expired 28 days later, on November 24, 2016, three months before the instant petition was filed. Because equitable tolling for the period during which Plaintiff was allegedly unable to access his legal documents (March 1, 2016 to October 26, 2016), this petition would still be untimely, the Court declines to address the equitable tolling argument on the merits. The instant petition remains untimely unless Petitioner is entitled to the commencement of a new limitations period.

### D. Section 2244(d)(1)(B)

In his surreply,[8] Petitioner argues that his inability to access his legal files from March 1,

---

[8] The Local Rules do not permit the filing of a response to a reply. *See* N.D. Cal. L.R. 7-3(d). However, in the interest of justice, the Court shall consider Petitioner's surreply, which has been

2016 to October 27, 2016, constitutes unconstitutional state action that entitles him to "removal" of the limitations period pursuant to Section 2244(d)(1)(B). ECF No. 17 at 5–6 and ECF No. 19 at 3–4. There is no statute that allows for removal of the limitations period. The Court presumes that Petitioner is arguing that Section 2244(d)(1)(B) is applicable to his petition and requires that the limitations period begin anew on October 27, 2016.

Section 2244(d)(1)(B) provides that the limitation period shall run from

> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

28 U.S.C. § 2244(d)(1)(B). In assessing Petitioner's Section 2244(d)(1)(B) claim, the Court must consider two issues. First, where the state-created impediment arises after the limitations period has commenced, as is the case here, does Section 2244(d)(1)(B) require the suspension of the limitations period, or require that the limitations period commence anew? Second, did Petitioner's lack of access to his legal files from March 1, 2016 to October 27, 2016, constitute unconstitutional state action; and did this lack of access cause the failure to timely file?

### 1. Suspending or Commencing Anew the Limitations Period

The timeliness of the instant petition turns on whether Section 2244(d)(1)(B) requires that the limitations period be tolled or restarted when the state-created impediment arises after the limitations period has commenced. Here, pursuant to Section 2244(d)(1)(D), the initial triggering date for the limitations period is February 25, 2014, when Petitioner's administrative decision became final; and Section 2244(d)(2) tolled the limitations period from December 11, 2014 to January 13, 2016. If the limitations period, which started on February 25, 2014 is suspended both for the period during when Petitioner's state collateral review proceedings were pending (December 11, 2014 to January 13, 2016), and for the period during which Petitioner lacked access to his legal materials (March 1, 2016 to October 27, 2016), the petition expired on November 24, 2016, and the petition is untimely by approximately three months. However, if the

---

signed under penalty of perjury. ECF No. 19 at 5. Petitioner is GRANTED leave to file a surreply.

limitations period restarted on October 27, 2016, the limitations period would not expire until October 27, 2017, and the instant petition, filed on March 5, 2017, would be timely.

The majority of Section 2244(d)(1)(B) caselaw provides no guidance here because in most of the cases, the state-created impediment either existed at the time the conviction (or administrative decision) became final or existed at the time the state post-conviction or collateral review proceedings concluded. In these instances, the application of Section 2244(d)(1)(B) allowed for a delayed commencement of the limitations period. *See*, *e.g.*, *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (seeking delayed commencement of limitations period pursuant to Section 2244(d)(1)(B) where copy of AEDPA was unavailable to petitioner prior to June 1998 and limitations period would have otherwise started on July 23, 1996); *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1058 (9th Cir. 2007) (delayed commencement of limitations period pursuant to Section 2244(d)(1)(B) where AEDPA was allegedly unavailable to petitioner prior to date limitations period would have otherwise began running); *Randle v. Crawford*, 604 F.3d 1047, 1051 (9th Cir. 2010) (arguing that failure of state-appointed counsel to perfect direct appeal entitled him to delayed commencement of limitations period pursuant to Section 2244(d)(1)(B)); *Grant v. Swarthout*, 862 F.3d 914, 920 n.5 (9th Cir. 2017) (Section 2244(d)(1)(B) allows for the delayed commencement of a limitations period).

Here, however, the state-created impediment arose after the commencement of the limitations period. There is limited caselaw applying Section 2244(d)(1)(B) in this context. The Supreme Court provides limited guidance and the Ninth Circuit caselaw in this area is inconsistent.

The Supreme Court describes Section 2244(d)(1) as setting forth alternate triggering dates for the limitations period, *Holland v. Fla.*, 560 U.S. 631, 647, (2010) ("[AEDPA] does contain multiple provisions relating to the events that trigger its running.") (citing to Section 2244(d)(1)); *Clay v. United States*, 537 U.S. 522, 528 (2003) (describing Sections 2244(d)(1)(B)–(D) as "time triggers" for the limitations period), but has not applied Section 2244(d)(1)(B) where the government impediment arose after the limitations period began to run, as is the case here.

The Ninth Circuit opinions applying Section 2244(d)(1)(B) are in conflict. In *Ramirez v.*

10

*Yates*, 571 F.3d 993 (9th Cir. 2009), the Ninth Circuit held that Section 2244(d)(1)(B) requires that "the limitations period [] *commence anew* from 'the date on which the impediment to filing . . . is removed.'" *Ramirez*, 571 F.3d at 1000 (citing 28 U.S.C. § 2244(d)(1)(B)) (emphasis added). But, in *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), the Ninth Circuit presumed that an impediment to filing that arose after the limitations period commenced would only *pause*, not restart, the limitations period. *Lott*, 304 F.3d at 925–26. Similarly, in other opinions, the Ninth Circuit has referred to Section 2244(d)(1)(B) as a statutory *tolling* provision which, by its plain meaning, implies that the provision suspends, but does not restart, the limitations period. *See*, *e.g.*, *Mendoza v. Carey*, 449 F.3d 1065, 1069 n.3 (9th Cir. 2006) ("In *Whalem/Hunt* we concluded that the unavailability of a copy of the AEDPA also could be grounds for statutory tolling under the 'state-created impediment' provision, *see* 28 U.S.C. § 2244(d)(1)(B), and remanded for further factual development of both that claim and the equitable tolling claim."); *Bryant*, 499 F.3d at 1060 (parenthetical describing Section 2244(d)(1)(B) as providing for statutory tolling). In an unpublished opinion, the Ninth Circuit has held that Section 2244(d)(1)(B) suspends, and does not restart, the limitation period. *See Warren v. Scribner*, No. 06-16212, 2007 WL 3077056, at *1 (9th Cir. Oct. 22, 2007) ("Section 2244(d)(1)(B) suspends the limitation period . . .").

In *Ramirez*, the limitations period began, at the latest, on August 1, 2002, and the petitioner argued *inter alia* that his placement in administrative segregation from March 22, 2003 to October 1, 2003 constituted a state-created impediment because it limited his access to his legal file and the prison law library. The Ninth Circuit held that the petitioner would be "entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if his placement in administrative segregation altogether prevented him from presenting his claims in *any* form, to *any* court." *Id.* at 1001 (emphasis in original). In so holding, the Ninth Circuit also emphasized that a Section 2244(d)(1)(B) claim must satisfy a far higher bar than that for equitable tolling, in that in order to be entitled to equitable tolling, a petitioner need only show the deprivation of his legal materials made it impossible for him to file a timely Section 2254 petition, whereas in order to be entitled to the commencement of a new limitations period under Section 2244(d)(1)(B), a petitioner must demonstrate a constitutional violation prevented him from presenting his claims in

11

any form, to any court. *Id.* at 1001-02. The Ninth Circuit ultimately rejected the Section 2244(d)(1)(B) claim because the record indicated that the administrative segregation placement did not prevent the petitioner from exercising his First Amendment right to access the courts during the relevant time period. *Id.* at 996, 1001.

In *Lott*, the limitations period began running on April 24, 1996, the date AEDPA became effective. *Lott*, 304 F.3d at 920. The limitations period was extended 191 days pursuant to Section 2244(d)(2), and therefore expired on October 31, 1997. *Id.* at 921. During that time period, the petitioner was transferred between prisons twice because he was a claimant and witness in an unrelated civil court matter. The first transfer was from April 6, 1977 to May 22, 1997; and the second transfer was from August 12, 1997 to September 26, 1997. The petitioner claimed that during these two transfers, which totaled 82 days, he was deprived of access to legal files needed to file his habeas petitions. *Id.* The petitioner sought both statutory tolling under Section 2244(d)(1)(B) and equitable tolling. In analyzing the petitioner's Section 2244(d)(1)(B) claim, the Ninth Circuit did not consider the deprivation of access to legal files as a triggering date for the limitations period. Nor did the Ninth Circuit consider restarting the limitations period from the date when access to legal files was restored. Rather, the Ninth Circuit referred to Section 2244(d)(1)(B) as allowing for statutory tolling, and considered whether to pause the limitations period for the times during which the petitioner was unable to access the legal files. *Id.* at 925. The Ninth Circuit ultimately rejected the statutory tolling argument on the grounds that Section 2244(d)(1)(B) did not apply because the petitioner had failed to establish that the denial of access to legal files in this case constituted unconstitutional action. *Id.*

The existence of an intra-circuit conflict leaves the district court to "make the unsatisfactory choice between two opposing lines of authority, neither of which has an unimpaired claim to being the law of the circuit." *Greenhow v. Secretary*, 863 F.2d 633, 636 (9th Cir. 1988) *overruled in part by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (overruling *Greenhow* to the extent *Greenhow* held that Ninth Circuit panel may choose between opposing lines of Ninth Circuit authority without calling for en banc review). Here, however, as discussed *infra*, it is unclear if Section 2244(d)(1)(B) applies to the instant petition. Accordingly, the Court

will defer addressing whether Section 2244(d)(1)(B) requires that the limitations period be tolled or restarted until after the applicability of Section 2244(d)(1)(B) has been determined.

### 2. Unconstitutional State Action and Causation

Section 2244(d)(1)(B) applies only where the state-created impediment is unconstitutional or unlawful, and where the state-created impediment causes the untimely filing. 28 U.S.C. § 2244(d)(1)(B); *Bryant*, 499 F.3d at 1060 ("To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition."); *see also Ramirez*, 571 F.3d at 1001 (petitioner not entitled to commencement of a new limitations period pursuant to Section 2244(d)(1)(B) because petitioner failed to show that constitutional right to access the courts had been violated); *Lott*, 304 F.3d at 925 (noting that petitioner's Section 2244(d)(1)(B) turned on whether petitioner had established that denial of access to legal files constituted due process violation). Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Confiscation of legal work may violate an inmate's right to access to the courts, *see Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989), if plaintiff can establish actual injury, *see Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); and may also constitute a due process violation, *Lott*, 304 F.3d at 925.

However, the record before the Court is insufficient for the Court to determine whether Section 2244(d)(1)(B) applies here. Petitioner has not made a showing that his placement in administrative segregation or the failure to promptly deliver his property to him were unconstitutional actions. Placement in administrative segregation, by itself, does not necessarily constitute unconstitutional action for the purposes of Section 2244(d)(1)(B). *See*, *e.g.*, *Estevez v. Evans*, 298 Fed. Appx. 558, 559 (9th Cir. 2008) (concluding that Section 2244(d)(1)(B) was inapplicable because "any impediment to filing a petition during the time that [the petitioner] was in administrative segregation did not arise as a result of state action in violation of the Constitution or Federal law"); *Knight v. Yates*, No. CVF07-00612AWISMSHC, 2007 WL 2695691, at *5 (E.D. Cal. Sept. 11, 2007), report and recommendation adopted, No. 107CV00612-OWW-SMSHC, 2007 WL 3340871 (E.D. Cal. Nov. 9, 2007) (E.D. Cal. Sept. 11, 2007) ("Petitioner has not met his

burden of demonstrating that his placement in administrative segregation was not reasonably related to a legitimate penological interest, a predicate to demonstrating an unconstitutional impediment."). Nor has Petitioner made a showing that that lack of access to his legal documents was the cause of the untimely filing. In the equitable tolling context, courts have required petitioners to demonstrate specifically how the inability to access legal files caused the untimely filing. *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (petitioner's alleged inability to access his legal files cannot be cause of his untimeliness since he did not need the legal materials they contained to file a timely habeas petition); *Waldron–Ramsey*, 556 F.3d at 1013–14 (finding that petitioner could have filed a timely petition by outlining arguments on the form habeas petition using the legal files available to him and then amending the petition after he was able to access all his legal files).

The determination as to whether an impediment existed under Section 2244(d)(1)(B) is highly fact-dependent. Whether the impediment existed, whether the impediment was unconstitutional, and whether that impediment caused the late-filing requires careful development of a record by the district court. *Cf. Whalem/Hunt*, 233 F.3d at 1148 (reversing and remanding for factual development district court holding that state prisoner's allegations of unavailability of AEDPA in prison law library could not constitute an impediment under Section 2244(d)(1)(B)). The Court finds that supplemental briefing on this issue is necessary to ensure a complete record.

## CONCLUSION

For the reasons stated above, the Court orders that, within twenty-eight (28) days of the filing of this order, Respondent shall file, and serve upon Petitioner, a supplemental memorandum addressing (1) whether Section 2244(d)(1)(B) is applicable to the instant petition and (2) whether Section 2244(d)(1)(B) requires that the limitations period be tolled or restarted. Should Petitioner wish to respond to the supplemental memorandum, he may file an opposition to the supplemental memorandum within twenty-eight (28) days of the date it is served upon him. Both the supplemental memorandum and the opposition should not exceed ten (10) pages in length. Adjudication of the motion to dismiss shall be stayed pending receipt of the supplemental memorandum(s).

**IT IS SO ORDERED.**

Dated: June 12, 2018



JON S. TIGAR
United States District Judge