UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANTE DION SCOTT,<br><br>        Petitioner,<br><br>v.<br><br>JAMES ROBERTSON, Warden,<br><br>        Respondent. | Case No. 17-cv-01290-JST<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY; DENYING CERTIFICATE OF APPEALBILITY**<br><br>Re: ECF No. 16 |

Petitioner, a *pro se* prisoner at Pelican Bay State Prison ("PBSP"),[1] has filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss the petition as untimely. ECF No. 16. For the reasons set forth below, Respondent's motion to dismiss is GRANTED.

## I.    PROCEDURAL BACKGROUND

Respondent has filed a motion to dismiss the petition as untimely, arguing that the instant petition is untimely by 340 days. ECF No. 16. Petitioner filed an opposition, ECF No. 17; Respondent filed a reply, ECF No. 18; and Petitioner filed a surreply, which he titled "Opposition to Respondent's Reply and Plea for Court to Make Judgment," ECF No. 19. In his opposition and surreply, Petitioner argued that the instant petition is timely and argues that, in the alternative, he has established extraordinary circumstances that entitle him to equitable tolling. ECF No. 17 and 19.

The Court considered the record and the papers and made the following findings in an

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden James Robertson as Respondent because he is Petitioner's current custodian.

order dated June 12, 2018. *See generally* ECF No. 21.

Petitioner's petition challenges a June 7, 2013, administrative decision, which became final on February 25, 2014. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year limitations period for state prisoners filing federal habeas petitions challenging administrative decision begins to run on the date the administrative decision is final, because that is the date the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* ECF No. 21 at 3–4 (discussing *inter alia* applicability of Section 2244(d)(1)(D) to habeas petitions challenging administrative decisions). Pursuant to Section 2244(d)(2), Petitioner is entitled to statutory tolling of the limitations period during the time his state collateral proceedings were pending, which was from December 11, 2014, the date Petitioner filed his state habeas petition in Kern County Superior Court, to January 13, 2016, the date the California Supreme Court denied his state habeas petition. Statutory tolling pursuant to Section 2244(d)(2) pauses, but does not restart, the limitations period. Accordingly, the one-year limitations period began to run on February 25, 2014; was paused on December 11, 2014; and restarted on January 13, 2016. As of that date, Petitioner had forty-eight days left in the limitations period. The instant petition, filed on March 5, 2017, is untimely by almost a year unless Petitioner is entitled to the commencement of a new limitations period.[2] ECF No. 21 at 4–6. However, at the time the Court originally considered the motion to dismiss, the record before the Court was insufficient to determine whether Petitioner was entitled to the commencement of a new limitations period, and to ultimately decide the motion to dismiss. Specifically, the Court could not determine whether Petitioner's lack of access to his legal materials from March 1, 2016 to October 27, 2016 constituted a state-created impediment referenced in Section 2244(d)(1)(B), and whether, if it did constitute a state-created impediment, Petitioner was entitled to the

---

[2] The Court declined to address whether Petitioner is entitled to equitable tolling based on his allegation that he lacked access to his legal materials from March 1, 2016 to October 27, 2016, because equitable tolling for that time period would not render the instant petition timely. Equitable tolling only pauses the limitations period. The instant petition would still by untimely by nearly three months even if the limitations period were tolled from March 1, 2016 to October 27, 2016 because Petitioner had eleven days left in the limitations period as of March 1, 2016, but did not file the instant petition until March 5, 2017, approximately four months after receiving his legal materials. ECF No. 21 at 6–8.

1 commencement of a new one-year limitations period starting October 27, 2016. The Court

2 therefore ordered the parties to submit supplemental briefing on the following two issues: whether

3 Section 2244(d)(1)(B) is applicable to the instant petition, and whether Section 2244(d)(1)(B)

4 requires that the limitations period be tolled or restarted. ECF No. 21 at 8–14. Respondent filed a

5 supplemental brief on July 3, 2018, ECF No. 22; and Petitioner filed a supplemental brief, which

6 he titled "Opposition to the Supplemental Memorandum," on July 30, 2018, ECF No. 23.

## II. DISCUSSION

### A. Petitioner's Supplemental Brief

In his supplemental brief, Petitioner makes numerous arguments, the majority of which misunderstand the applicable law and do not address the issues identified by the Court.

First, Petitioner argues that the Court incorrectly applied Section 2244(d)(1)(D) to determine when the limitations period began to run, and that Section 2244(d)(1)(A) applies. ECF No. 23 at 2. Specifically, Petitioner argues that the Court is mistaken to focus on the administrative decision. He argues that the administrative decision is only important in that it allows this court to intervene in a state disciplinary proceeding because the deprivation of time credits establishes the deprivation of a liberty interest. Once this court's jurisdiction has been established, the court should disregard the administrative decision and focus on the merits of his claims, namely that prison officials committed *Brady* violations; violated his right to present a defense; denied him due process of law; denied him equal protection of the laws; and utilized false evidence. ECF No. 23 at 2–5, 11.

Petitioner's argument is incorrect. A writ of habeas corpus allows a petitioner to challenge the validity of a judgment entered against him. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state habeas petition must be filed within a certain time period, regardless of the merits of the arguments raised in the petition. 28 U.S.C. § 2244(d)(1). As discussed in the Court's June 12, 2018 Order, the Ninth Circuit has held that where the petition challenges an administrative decision — rather than a state court judgment — the limitations period is calculated pursuant to Section 2244(d)(1)(D), which provides that the period begins to run on the date on which the factual predicate of the claim could have been discovered through the

exercise of due diligence. *See* ECF No. 21 at 3–4 (citing *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012)). The Court correctly focused on the type of state proceeding that resulted in the judgment being challenged, and properly applied Section 2244(d)(1)(D) to determine the limitations period. *See id.*

Second, Petitioner argues that any failure to timely file is a procedural default that should be excused because of his actual innocence. ECF No. 23 at 4, 6–7. The doctrine of procedural default is inapplicable here. Respondent is arguing that the statute of limitations set forth in AEDPA, a federal law, prohibits the Court from considering the instant petition. The doctrine of procedural default provides that in cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). There is no allegation that Petitioner defaulted his claims in state court.

Third, Petitioner argues that his petition should be heard on the merits because he has only raised federal law claims, and has not cited state law. ECF No. 23 at 5–6. It is undisputed that Petitioner is raising federal law claims. However, the fact that his claims allege violations of federal law, and not state law, do not excuse any late filing.

Fourth, he argues that prison officials have a history of preventing him from exhausting administrative remedies and accessing the courts. ECF No. 23 at 9–10. Prison officials' actions with respect to Petitioner's other grievances and court cases are irrelevant to whether Petitioner timely filed the present petition.

Fifth, Petitioner argues that he made repeated attempts from August 1, 2016 to October 27, 2016 to access his legal materials, and that prison officials refused to assist him. ECF No. 23 at 7–8. As discussed in the Court's June 12, 2018 Order, even if the Court were to toll the limitations period for the time period during which Petitioner's legal materials were unavailable to him, the instant petition would still be untimely. The limitations period began to run on February 25, 2014, the date the administrative decision became final. On December 11, 2014, the limitations period

was tolled because Petitioner commenced state collateral proceedings. At that time, Petitioner had forty-eight days left in the limitations period. On January 13, 2016, the limitations period began to run again because the California Supreme Court denied the state habeas petition that day. If the limitations period were tolled from March 1, 2016, when Petitioner was attacked by other inmates, hospitalized, and subsequently housed in administrative segregation and transferred to PBSP, to October 27, 2016, when Petitioner received his legal materials, the limitations period would have expired on November 24, 2016, nearly three months prior to Petitioner filing the instant petition on March 5, 2017. The petition would still be untimely unless Section 2244(d)(1)(B) required that the limitations period began anew after receipt of his legal materials.

Sixth, Petitioner argues that his actual innocence excuses his untimely filing, citing to *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (2013). In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). As an initial matter, it is unclear whether the actual-innocence exception may be applied to a prison disciplinary conviction. *See Stuart v. Singh*, No. 2:10-CV-2098 MCE KJN, 2011 WL 2746096, at *4 n.4 (E.D. Cal. July 14, 2011) (listing handful of cases in which *Schlup* actual-innocence exception was applied in evaluating challenge to prison disciplinary decision, but noting lack of clear ruling within this circuit to support application of exception to habeas petitions challenging disciplinary decisions). Regardless, Petitioner has failed to present a credible actual-innocence claim, as defined by *Schulp*. For an actual-innocence claim to be credible, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324 (noting claims of actual innocence are rarely successful because "such evidence is obviously unavailable in the vast majority of cases"). Petitioner alleges constitutional errors and wrongdoing on the part of prison officials (fabricated evidence), but these errors were known to him at the time

of the disciplinary hearing. Petitioner has not presented new, reliable exculpatory evidence that was not available at trial. Petitioner's actual-innocence claim does not excuse any late filing.

### B. Respondent's Supplemental Brief

Respondent argues that the petition remains untimely for two reasons. First, Respondent argues that nothing in Section 2244(d)(1) suggests that a limitations period can begin running under one subdivision, only to start anew under a different subdivision. Second, Respondent argues that Section 2244(d)(1)(B) is inapplicable because Petitioner cannot show that unconstitutional state action made it impossible for him to file his federal habeas petition. Respondent argues that much of the time that Petitioner was without his legal files was not due to unconstitutional state action, but due to an inmate attack, administrative segregation, and a subsequent prison transfer. Respondent also argues that Petitioner cannot show a causal connection between the unlawful impediment and the failure to timely file because Petitioner was able to file state habeas petitions before and after his time in administrative segregation; Petitioner had access to the law library, if not his legal materials, while in administrative segregation and while at PBSP without possession of his legal materials. Finally, Respondent argues that allowing for the limitations period to commence anew provides Petitioner with an unjustified windfall since Petitioner significantly delayed in filing his state habeas petition and again after receiving his legal property on October 27, 2016.

The Court finds Respondent's first argument unpersuasive. Section 2244(d)(1) is silent as to whether the limitations period can start anew under a different subdivision. In other words, although the plain language of Section 2244(d)(1) does not suggest that the limitations period can start anew under a different subdivision, the plain language of Section 2244 does not preclude such a reading. The plain language of Section 2244(d)(1) as applied to this instant petition allows for both readings. Section 2244(d)(1) states that the one-year limitation period "shall run from the latest of . . ." and lists four potential triggering dates. Because the date on which the alleged state-created impediment was removed (October 27, 2016) is later than the date on which the factual predicate of the claim was known (February 25, 2014), arguably the one-year limitations period starts on October 27, 2016. On the other hand, arguably the one-year limitations period must start

when the factual predicate of the claim is known, and cannot be delayed in the hopes that a state-created impediment will arise that will allow for a later filing. In addition, as the Court discussed in detail in its June 12, 2018 Order, the Ninth Circuit is in conflict as to whether Section 2244(d)(1)(B) pauses the limitations period when a state-created impediment to filing arises after the limitations period begins, or commences the limitations period anew. *Compare Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009)[3] ("the limitations period [] *commence[s] anew* from 'the date on which the impediment to filing . . . is removed.'") (citing 28 U.S.C. § 2244(d)(1)(B), emphasis added) *with Lott v. Mueller*, 304 F.3d 918, 925–26 (9th Cir. 2002) (referring to Section 2244(d)(1)(B) as allowing for statutory tolling, and considering whether to pause limitations period for times during which petitioner was unable to access legal files); *Mendoza v. Carey*, 449 F.3d 1065, 1069 n.3 (9th Cir. 2006) ("In *Whalem/Hunt* we concluded that the unavailability of a copy of the AEDPA also could be grounds for statutory tolling under the 'state-created impediment' provision, *see* 28 U.S.C. § 2244(d)(1)(B), and remanded for further factual development of both that claim and the equitable tolling claim."); *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (parenthetical describing Section 2244(d)(1)(B) as providing for statutory tolling). Neither party has provided persuasive argument or case authority regarding whether the one year-limitations period can begin running under one subdivision of Section

---

[3] Respondent incorrectly argues that whether Section 2244(d)(1)(B) allows the commencement of a new limitations period was not squarely presented in *Ramirez*, and that *Ramirez* therefore cannot be considered authority with respect to this question, citing to *Summit Estate, Inc. v. Cigna Healthcare of Cal.,* No.17-CV-03871-LHK, 2017 WL 4517111, at *8 (N.D. Cal., Oct. 10, 2017). ECF No. 22 at 6. In *Summit Estate*, the Court that although there was a case that allowed a private plaintiff to proceed past summary judgment on a Cal. Health & Saf. Code § 1371.8 claim, *Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037, 1042 (N.D. Cal. 2006), *Principal Financial Group* could not stand for the proposition that a plaintiff had an ability to enforce Cal. Health & Saf. Code § 1371.8 as a private individual because that issue was not directly addressed. However, the petitioner in *Ramirez* specifically raised the issue of whether Section 2244(d)(1)(B) allows the commencement of a new limitations period:
> Ramirez argues that he is entitled to the commencement of a new limitations period [under Section 2244(d)(1)(B)] beginning on October 1, 2003, because his placement in administrative segregation and its attendant limitations on his access to his legal file and the prison law library amounted to an unlawful impediment to his constitutional right of access to the courts.

*Ramirez*, 571 F.3d at 1000 (internal quotation marks and citation omitted).

2244(d)(1), only to start anew under a different subdivision. The Court declines to decide this open question because the Court agrees with Respondent that Petitioner has failed to show that unconstitutional state action made it impossible for him to file his federal habeas petition

On its face, Section 2244(d)(1)(B) applies only to impediments created by state action that violate the Constitution or laws of the United States. *Shannon v. Newland*, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005). Petitioner has failed to show that his inability to access his legal files from March 1, 2016, when he was attacked by other inmates, to July 20, 2016, when he was transferred to PBSP, was the result of unconstitutional or unlawful state action. There is no allegation or evidence indicating that the inmate attack, the subsequent hospitalization, or the related housing in administrative segregation were the result of unconstitutional or unlawful state action.[4] As discussed *supra*, Petitioner's limitations period began to run on February 25, 2014; was statutorily tolled from December 11, 2014 to January 13, 2016 while his state collateral proceedings were pending, and began to run on January 14, 2016. As of that date, Petitioner had forty-eight days left in the limitations period. The limitations period therefore expired on March 2, 2016. Even if the lack of access to legal materials from July 20, 2016 (when Petitioner arrived at PBSP) to October 27, 2016 (when Petitioner received his legal materials) were due to unconstitutional state actions, the lack of access could not have caused the untimely filing because the limitations period expired on March 2, 2016, four months prior to any alleged unconstitutional state action.[5]

---

[4] Placement in administrative segregation, by itself, does not necessarily constitute unconstitutional action for the purposes of Section 2244(d)(1)(B). *See*, *e.g.*, *Estevez v. Evans*, 298 Fed. Appx. 558, 559 (9th Cir. 2008) (concluding that Section 2244(d)(1)(B) was inapplicable because "any impediment to filing a petition during the time that [the petitioner] was in administrative segregation did not arise as a result of state action in violation of the Constitution or Federal law"); *Knight v. Yates*, No. CVF07-00612AWISMSHC, 2007 WL 2695691, at *5 (E.D. Cal. Sept. 11, 2007), report and recommendation adopted, No. 107CV00612-OWW-SMSHC, 2007 WL 3340871 (E.D. Cal. Nov. 9, 2007) (E.D. Cal. Sept. 11, 2007) ("Petitioner has not met his burden of demonstrating that his placement in administrative segregation was not reasonably related to a legitimate penological interest, a predicate to demonstrating an unconstitutional impediment.").

[5] The Court finds Respondent's other arguments regarding the lack of casual connection to be without merit. Courts have held that there is a lack of casual connection between the alleged state-created impediment and the untimely filing where the record shows that the petitioner was able to file court pleadings during the time the state-created impediment existed. See, e.g., Ramirez, 571 F.3d at 1000–01 (refusing to allow delayed commencement under 28 U.S.C. § 2244(d)(1)(B) when prisoner filed three state petitions, state discovery motion, and federal motion during relevant time). However, here, Petitioner did not file any court pleadings between March 1, 2016

Because the Court has found that Section 2244(d)(1)(B) is inapplicable to the instant petition because the alleged unconstitutional state-created impediment arose after the limitations period expired, the Court declines to address Respondent's "windfall" argument.

### III. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

### IV. CONCLUSION

For the reasons stated above, Respondent's motion to dismiss the petition as untimely is GRANTED. The petition for a writ of habeas corpus is DENIED as untimely, and a certificate of appealability is DENIED.

/ / /

/ / /

/ / /

---

and October 27, 2016. Petitioner's ability to file court pleadings while housed in administrative segregation is irrelevant; Petitioner's claim is that he was unable to timely file the instant federal habeas petition because he lacked access to his legal materials, not because he was housed in administrative segregation. Nor does the ability to access the law library establish a lack of causal connection. The instant petition challenges an administrative decision. While the law library may have legal references to assist Petitioner in preparing the habeas petition, Petitioner may have also had non-legal documents specific to the instant petition that he required to prepare the instant petition.

9

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: September 10, 2018



JON S. TIGAR
United States District Judge